# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **HECTOR ROSAS RAMOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION V-05-17** |
| | § | |
| **JORGE G. GONZALES and** | § | |
| **GONZALEZ FISHERIES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendants Jorge G. Gonzales and Gonzalez Fisheries, Inc.'s

Motion to Transfer Venue (Dkt. # 6). The Court, having considered the motion, the Plaintiff's

response, and the applicable law, is of the opinion that the motion should be GRANTED.

### Factual and Procedural Background

This action arises under the Merchant Marine (Jones) Act and maritime law. Plaintiff,

Hector Rosas Ramos alleges that he was injured on or about April 15, 2002, while in the course of

his employment. Specifically, Plaintiff alleges that he was acting pursuant to orders and that in the

performance of his duties as a seaman, he was injured when a rope being used to tow the vessel

"Azteca" became entangled in a propeller. The entangled rope pulled a rope located next to where

Plaintiff was standing, causing him to fall. As a result of this incident, Plaintiff alleges that he

sustained serious and permanent injuries including injuries to his neck, back and knees. Plaintiff

alleges that Defendant failed to provide a safe working environment, failed to provide adequate

assistance in the form of additional crew members, failed to properly train and supervise crew

members while operating equipment, and failed to provide immediate and adequate medical

treatment. Plaintiff filed the pending lawsuit on February 11, 2005. Defendants filed their answer

subject to the pending motion to transfer on April 12, 2005.

## Discussion

Defendants argue that this case should be transferred by challenging the convenience of the current venue under 28 U.S.C. § 1404(a).  Section 1404(a) permits the district court to transfer a case from one district or division to another "for the convenience of the parties and witnesses, in the interest of justice."  The goal of this provision is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expenses."  *Shoemake v. Union Pacific Ry. Co.*, 233 F. Supp.2d 828, 829 (E.D.Tex. 2002)(citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  Whether a 28 U.S.C. §1404(a) transfer is proper is committed to the sound discretion of the trial court, which should determine a motion to transfer venue based on an "individualized case-by-case consideration of convenience and fairness."  *Shoemake*, 233 F. Supp. 2d at 829 (citing *Stewart Organization,  Inc. v. Recoh Corp.*, 487 U.S. 22, 29 (1988)); *see also Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

"The party seeking a change of venue bears the burden of demonstrating that the forum should be changed."  *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *see Burlington Northern & Santa Fe Railway Co. v. Herzog Services, Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998).  To prevail on a motion to transfer venue for the convenience of the parties under §1404(a), the movant must demonstrate the balance of convenience and justice weighs substantially in favor of transfer.  *See Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).  Unless the balance of factors strongly favor the moving party, the Plaintiff's choice of forum generally should not be disturbed.  *Henderson*, 918 F. Supp. at 1065.  When determining whether to transfer a case pursuant to § 1404(a), courts consider

2

the private and public interest factors articulated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Private factors relate to the convenience of the litigants and include such factors as: (1) the plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the availability and convenience of the witnesses and parties; (5) the place of the alleged wrong; (6) the possibility of delay and prejudice if transfer is granted; and (7) the availability of process to compel the attendance of unwilling witnesses. *See Gulf Oil Corp.*, 330 U.S. at 508; *N2 Consulting, LLC v. Engineered Fastener Co.*, 2002 U.S. Dist. LEXIS 18700 * 5 (N.D. Tex. Oct. 2, 2002).

Public interest factors, on the other hand, include (1) the administrative difficulties resulting from court congestion; (2) the relationship to the litigation of the community from which jurors will be drawn; (3) the local interest in having localized controversies decided at home; and (4) choice of law issues. *See Gulf Oil Corp.*, 330 U.S. at 508.

Defendants assert that this case should be transferred to the Brownsville Division of the Southern District of Texas and that, aside from the Plaintiff's choice of forum, each of the private interest factors weigh heavily in favor of transfer.  First, Defendants allege that a majority of the individuals who are likely to be called as witnesses live in or near the Brownsville area.  As a result, Defendants allege that it would be more convenient for these individuals to appear for depositions and for trial in the Brownsville Division.  While it has been recognized that one of the most important factors is whether substantial inconvenience will be visited on key fact witnesses, in order to meet its burden, the movant must "specifically identify the key witnesses and outline the substance of their testimony." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 2d 823, 825 (S.D. Tex. 1993).

To support this assertion, Defendants list twelve people who may have discoverable information and gives a brief description of the relevance of each individuals testimony.  Included on this list are Alejandro Mina Sanchez, the captain of the vessel in question; Alfredo Ruiz-Ponce and Jason Christman, both of whom served as headers on the vessel in question; Jose Kuri and Jose Bossolo, both of whom are listed as treating physicians of the Plaintiff, Arturo Chapa, the Plaintiff's subsequent employer, and Olimpo Calderon, the captain of the vessel Plaintiff worked on after the incident in question.  Of the twelve individuals identified by Defendants, only three do not live within the city limits of Brownsville.  And of those three, one lives in Mexico and the other lives in Washington State.

In response, Plaintiff alleges that his primary doctors are located in Port Lavaca, Bay City and Houston, and further alleges that the Victoria Division is more convenient for "most of the crucial witnesses," but does not specify who these individuals are, or what the crux of their testimony will be.  From a review of the potential witness list provided by Defendants, it appears that the individuals present on the day the incident occurred, Plaintiff's initial treating physicians, and his subsequent employer and co-workers are all located within the Brownsville Division.  Based on this information, the Court finds that the factor relating to the availability of witnesses weighs in favor of transfer.

Defendants also assert that all the books, records and any other physical evidence, including the vessel itself, are located in the Brownsville Division.  Defendants assert that the vessel berths and receives maintenance at the Port of Brownsville Shrimp Turning Basin.  As such, Defendants contend that any viewing of the vessel, for discovery or trial purposes, is more conveniently accomplished within the Brownsville Division.  Defendants further assert that the location of the alleged wrong is more closely tied to the Brownsville Division.  Not only does the

4

vessel in question berth in Brownsville, Plaintiff originally received medical treatment in Brownsville. Because one of the claims in Plaintiff's complaint is that Defendant did not provide immediate and appropriate medical attention, this cause of action can be said to have accrued in the Brownsville Division where the treatment was initially rendered. Plaintiff does not allege that any of the causes of action listed in the complaint occurred in the Victoria Division. As a result, the factors relating to the location of books and records and the location of the alleged wrong weigh in favor of transfer.

Plaintiff alleges that this case should not be transferred because at the time of the incident, Plaintiff resided, and currently resides just north of Victoria County. Plaintiff further alleges that his choice of forum, the Victoria Division, is entitled to increased weight because it is also his forum of residence. Although the Plaintiff's choice of forum is relevant to the venue analysis, it is not, in itself, conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003). Additionally, although Plaintiff is correct that at least one district court has determined that a plaintiff's choice of forum is entitled to greater weight where the forum of choice is also the forum of plaintiff's residence, that court also stated that this factor merely places the burden on the defendant to demonstrate why the forum should be changed. *See Apache Prods. Co. v. Employers Ins. of Wausau*, 154 F.R.D.650, 653 (S.D. Miss. 1994) (citing *Sorrels Steel Co., Inc. v. Great Southwest Corp*. 651 F. Supp. 623 (S.D.Miss. 1986)). The Court also noted that "[W]here the defendant does show that another forum is significantly more convenient for the parties and witnesses, and that there appear to be no substantial impediments otherwise to transfer, the plaintiff's choice of forum must give way and the court should not hesitate to order a transfer." *Apache Prods.,* 154 F.R.D. at 653; *see also Gundle Lining Const. v. Fireman's Fund Ins.*, 844 F.Supp. 1163, 1165 (S.D.Tex.1994) (stating "choice of forum is only one of many factors to

consider.").

Defendants in this case have provided the Court with enough information to meet their burden of establishing that the remaining private interest factors weigh in favor of transfer. Furthermore, the Court finds that the public factors also weigh heavily in favor of transfer. Of the factors that are relevant to this analysis, the relationship of the litigation to the community from which jurors will be drawn and the local interest in having localized controversies decided at home both weigh in favor of transferring the case to Brownsville. As noted above, the connection between the incident alleged in the complaint and Brownsville appears very strong–the vessel is berthed in Brownsville, a majority of the witnesses are from that area or have ties to that area, and at least one of the alleged wrongs can be said to have accrued in that area. Thus, the citizens of the Brownsville Division have a stronger interest in seeing this controversy decided at home than the citizens of the Victoria Division.

In this case, the Court is persuaded that Defendants have met their burden of showing that both the private and public interest factors weigh in favor of transfer. The Court, therefore, agrees that the Brownsville Division would be more convenient and that this case should be transferred.

## Conclusion

For the reasons stated above, the Defendants' Motion to Transfer Venue is hereby GRANTED. This case shall be transferred to the Brownsville Division for further proceedings.

It is so ORDERED.

Signed this 3rd day of June, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

6